UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY PATRICK McKEE,<br><br>      *Plaintiff*,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>      *Defendants*. | Civil Action No. 16-1674 (RDM) |

## AMENDED MEMORANDUM OPINION

Proceeding *pro se*, Plaintiff Gary Patrick McKee brings this action against the United States Department of Justice, Gary Abramson (who is the President of Tower Companies), and John Foster and Lance Fuchs (both of whom are lawyers in Florida). The case is currently before the Court on an array of motions, including Defendants' motions to dismiss, Dkts. 9, 13 & 15, and McKee's motions to recuse the undersigned judge, Dkt. 20, to appoint counsel, Dkts. 19 & 35, for leave to amend his complaint, Dkt. 21, for summary judgment, Dkt. 31, and for a hearing, Dkt. 29. The Court will **DENY** McKee's motion for recusal; **DENY** his motion to appoint counsel; **DENY** his motion for leave to amend the complaint as futile; **GRANT** the pending motions to dismiss; and **DENY** all other pending motions as moot.

Washington Automotive Company was a privately held company owned by members of McKee's family, and McKee was a minority shareholder.[1] In September 2012, it sold a leasehold interest in a piece of commercial real estate located in downtown Washington, D.C., to

---

[1] Plaintiff's allegations of fact are taken as true solely for purposes of resolving the pending motions. *See, e.g.*, *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014).

the Tower Companies. Dkt. 1 at 5; Dkt. 13-2 at 6; Dkt. 13-1 at 1. In this action, McKee alleges that Washington Automotive's attorneys, John Foster and Lance Fuchs, colluded with the Gary Abramson, the President of the Tower Companies, to defraud the McKee family. Dkt. 1 at 5–7. The complaint also names former Attorney General Loretta Lynch and the United States Department of Justice as defendants. The complaint premises the Court's jurisdiction on the diversity of citizenship of the parties, *see* 28 U.S.C. § 1332, but alleges that Plaintiff McKee and Defendants Foster and Fuchs are all citizens of the State of Florida. Dkt. 1 at 2–4.

Defendants have each filed motions seeking to dismiss. Dkts. 9, 13, 15. McKee, in turn, has filed motions seeking the recusal of the undersigned judge, Dkt. 20, the appointment of counsel, Dkts. 19 & 35, and leave to amend his complaint, Dkt. 21. The Court will first address the motion for recusal.

## A.

McKee raises two grounds for recusal: First, in his motion seeking recusal, he notes that I previously served in the Department of Justice and was appointed to this Court by President Obama. In his view, these facts warrant recusal because "the Department of Justice . . . is a major defendant in this case" and because President Obama "appointed the two worst Attorney[s] General[] the Department has ever had in [its] history." Dkt. 20 at 1. Second, in a separate motion seeking a hearing, McKee alleges that I am a member of the District of Columbia Commission on Judicial Disabilities and Tenure, which dismissed a complaint he had filed against four other judges on a different matter. Dkt. 29 at 1–2. McKee requests that I "remove [myself] from this case because of being associated with the commission with Judge Kessler." *Id.* at 2.

2

Recusal is required "in any proceeding in which [a judge's] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or where, among other reasons, the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1), or "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy," *id.* § 455(b)(3).[2] The standard for recusal under § 455(a) is an objective one, and turns on whether "a reasonable and informed observer would question the judge's impartiality." *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam). "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988).

Taking the facts McKee alleges as true, there is no basis for recusal in this case. First, McKee is correct that I once worked at the Department of Justice, but I left the Department over fifteen years ago and had no involvement of any kind with this case or the predicate facts. Second, the identity of the President who appointed the judge assigned to a case has no bearing on recusal. Even in cases (unlike this one) in which the appointing President is a party, neither the recusal statute nor the Code of Conduct for United States Judges requires a judge's recusal from the case on that basis. *See, e.g.*, *In re Exec. Office of the President*, 215 F.3d 25, 25 (D.C. Cir. 2000) (order of Tatel, J.). Finally, a decision of the District of Columbia Commission on

---

[2] A separate statute calls for the recusal of a district court judge "[w]henever a party to [the] proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. McKee has not filed a "timely and sufficient affidavit," and thus § 144 is inapplicable. But, even if he had, the *facts* that he posits would fail to satisfy the *legal* requirements of a § 144 challenge. *See United States v. Haldeman*, 559 F.2d 31, 131 (D.C. Cir. 1976).

3

Judicial Disabilities and Tenure adverse to McKee does not constitute a basis for recusal, even accepting the factual allegation that I am a member of that Commission (I am not). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings*, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (emphasis added). Even were a lesser standard than "deep-seated favoritism" rendering fair judgment "impossible" to apply to prior non-judicial proceedings such as the Commission proceeding McKee adverts to here, there is still no basis for recusal on the facts he (incorrectly) posits. It is even more of a stretch, moreover, to suggest that my service on this Court with Judge Kessler, who was a member of the Commission, raises a valid basis for recusal. No reasonable observer could find a risk of bias or prejudice on that fact alone.

The Court will, accordingly, deny McKee's motion that I recuse myself from this matter.

**B.**

McKee has also failed to identify sufficient grounds for the Court to appoint counsel. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," but under this Court's local rules, "the Court must consider the nature and complexity of the action, the potential merit of the *pro se* party's claims, the demonstrated inability of the *pro se* party to retain counsel by other means, and the degree to which the interest of justice will be served by appointment of counsel." *Lamb v. Millennium Challenge Corp.*, 16-cv-765, --- F. Supp. 3d ---, 2017 WL 74690, at *13 (D.D.C. Jan. 6, 2017) (citing L. Cv. R. 83.11(b)(3)). For various reasons, including those set forth below, the Court cannot conclude that McKee's claims have sufficient merit to justify the appointment of counsel.

The Court will, accordingly, deny McKee's motion for the appointment of counsel.

**C.**

The jurisdictional defects in the complaint and in McKee's proposed amended complaint are self-evident. McKee's complaint relies exclusively on diversity as the basis for the Court's jurisdiction. Dkt. 1 at 4. McKee, a citizen of Florida, has attempted to sue two other Florida citizens (and others) while invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. He cannot do so. Federal diversity jurisdiction exists only in cases in which no plaintiff is a citizen of the same state as any defendant; diversity jurisdiction "is lacking if there are any litigants from the same state on opposing sides." *Saadeh v. Farouki*, 107 F.3d 52, 55 (D.C. Cir. 1997) (internal quotation mark omitted) (quoting *Prakash v. Am. Univ.*, 727 F.2d 1174, 1178 n.25 (D.C. Cir. 1984)). McKee makes only a cursory response on this point: "The diversity statement is a joke by all the defendants, there are individuals in numerous states, so that's out the window." Dkt. 35 at 1. Unfortunately for McKee, the fact that he seeks to sue "individuals in numerous states" does not overcome the statutory requirement of complete diversity between the opposing sides of a litigation. Because the Court, accordingly, lacks subject matter jurisdiction, it must grant the pending motions to dismiss.[3]

**D.**

McKee has moved for leave to file an amended complaint, but his proposed amendment does not cure the jurisdictional problem. Because McKee moved for leave to amend more than

---

[3] The complaint also names former Attorney General Loretta Lynch and the United States Department of Justice as defendants. *See* Dkt. 1 at 1. Even if the Court were to construe the complaint to assert some basis for jurisdiction other than diversity with respect to the claims against the federal defendants, the Court would still lack jurisdiction to consider McKee's claim for "900 million dollars in damages for massive fraud," *id.* at 7. *See* 28 U.S.C. § 2680(h) (intentional tort exception to the Federal Tort Claims Act); 28 U.S.C. § 1346(a)(2) (Little Tucker Act).

5

21 days after the service of a responsive pleading, he may amend only with "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). He does not have the written consent of Defendants, but the Court must nevertheless "freely give leave [to amend] when justice so requires." *Id.* The Court must deny leave to amend, however, when "the proposed claim would not survive a motion to dismiss." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

McKee's proposed amended complaint again seeks to invoke the Court's diversity jurisdiction, but it also asserts federal question jurisdiction for alleged violations of 42 U.S.C. § 1983, as well as constitutional violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. 21 at 4. The unavailability of diversity jurisdiction discussed above persists, because the proposed amended complaint names the same two Florida citizens named in his original complaint and seeks to add a third Florida citizen. *Id.* at 2, 3. McKee is himself a Florida citizen, and thus his proposed amended complaint, again, fails the test of complete diversity. *See Saadeh*, 107 F.3d at 55.

McKee's federal law allegations, moreover, are too insubstantial to survive a motion to dismiss. To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it recites "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But the Court need not accept as true any legal conclusions disguised as factual allegations, nor need it accept "'naked assertion[s]' devoid of 'further factual enhancement,'" or a "formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alterations in original).

Here, the proposed amended complaint contains several conclusory allegations against the federal Defendants, such as the following:

> This case is one of the most corrupt cases we have had before the court because of the alarming way the political and disgraceful Department of Justice interfered in a criminal way. Eric Holder and Loretta Lynch have destroyed the reputation of [t]he Justice Department and have turned it into a criminal enterprise that helps only their friends. Plaintiff will show how the Justice [D]epartment, through a group of rogue agents working with Homeland Security, destroyed the livelihoods of many people with their lies on the street and by inserting themselves in business contracts with banks, government contracts, and state jobs.

Dkt. 21 at 7. Similarly, the proposed amended complaint alleges:

> This was just the beginning of this corruption by the Federal Government employees for the Abramson[s]. They started the most vicious lies about the family and put these lies out all over Palm Beach, Florida where the entire family goes from Washington DC to spend the winter. The Abramson[s] pulled in all their markers with corrupt agents from all departments and then they told . . . lies [about the McKee family] to the state employees.

*Id.* at 9. These passages, and others like them, including lengthy allegations against the Small Business Administration and the Department of Transportation, contain no factual allegation sufficient to "allow[ ] the [C]ourt to draw the reasonable inference that [D]efendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The alleged violations of federal law, therefore, would not survive a motion to dismiss.

The Court will, accordingly, deny McKee's motion for leave to amend as futile.

### E.

Having resolved these issues, the Court need not—and, because it lacks jurisdiction, may not—decide the remaining motions pending before it. The Court will, accordingly, deny those motions as moot.

### CONCLUSION

For the reasons explained above, the Court will **DENY** McKee's motion for recusal, **DENY** his motion for the appointment of counsel; **DENY** his motion for leave to file an

7

amended complaint; **GRANT** the pending motions to dismiss; and **DENY** all other pending motions as moot.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 24, 2017